D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALFRED OKA and FRANCES OKA,

                         Plaintiffs,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, and the SUFFOLK
COUNTY DISTRICT ATTORNEY,

                         Defendants.
----------------------------------------------------------X

**ORDER**

11-CV-2578 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  AUG 03 2012  ★

LONG ISLAND OFFICE

FEUERSTEIN, United States District Judge:

On May 27, 2011, plaintiffs Alfred Oka and Frances Oka (together, "plaintiffs") commenced this action against defendants County of Suffolk, Suffolk County Police Department, and the Suffolk County District Attorney (collectively, "defendants"), alleging, inter alia, false arrest and malicious prosecution. Complaint ("Compl.") [Docket Entry No. 1].

Before the Court are: (1) defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c); and (2) plaintiff's motion to file an amended complaint. [See Docket Entry No. 8]. For the reasons that follow, defendants' motion is granted; however, plaintiffs are granted leave to file an amended complaint within twenty (20) days of the date of entry of this order.

I.    Factual Background

The facts alleged in the complaint are sparse. Plaintiff Alfred Oka claims that he was

1

falsely arrested and maliciously prosecuted "[o]n or about October 21, 2009 up to and including March 1, 2010." See Compl. at ¶ 8. As a result, plaintiffs bring claims under 42 U.S.C. § 1983, alleging violations of the Fifth and Fourteenth Amendments of the United States Constitution. Id. at ¶¶ 9, 14.[1] Plaintiffs seek, inter alia, compensatory damages in the amount of five hundred thousand dollars ($500,000.00) and punitive damages in the amount of one million dollars ($1,000,000.00). Id. at ¶¶ 10-11.

II.  Analysis

    A.  Legal Standard

In deciding a motion pursuant to Rule 12(c), the Court employs the same standard as in deciding a Rule 12(b)(6) motion to dismiss. Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

---

[1] However, as the Second Circuit has stated, a plaintiff's section 1983 false arrest claim "derives from his Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause." Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006).

The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." Matson, 631 F.3d at 63 (internal quotation marks and citation omitted).

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Id. (quoting Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)).

B. The Complaint Is Dismissed Without Prejudice

The complaint consists of a series of boilerplate allegations, and is unsupported by even

3

basic information concerning Alfred Oka's alleged arrest and subsequent prosecution. As the failures of the pleading are readily apparent, the Court need not engage in a lengthy analysis, as the complaint fails to state a cause of action under the pleading standards articulated in Twombly and Iqbal.

### C. Leave to Amend Is Granted

However, plaintiffs are granted leave to file an amended complaint. A party may amend a pleading once as a matter of course "within 21 days of serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Defendants argue that any amendment would be futile because Alfred Oka was justifiably arrested pursuant to a civilian complaint. Although plaintiffs concede that Alfred Oka was arrested pursuant to an individual's complaint, they argue that this complaint did not create probable cause for an arrest.

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the

4

person to be arrested has committed or is committing a crime." Weyant, 101 F.3d at 852; see also Stevens v. City of New York, No. 10 Civ. 2172, 2012 WL 3000677, at *3 (S.D.N.Y. July 17, 2012). "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers . . . ." Weyant, 101 F.3d at 852.

As the facts and circumstances surrounding the arrest are still unclear, it is simply too early to tell whether the arrest was supported by probable cause. Accordingly, this determination will be deferred to a later date. Plaintiffs are granted leave to file an amended complaint no later than twenty (20) days from the date of entry of this order. Defendants may, if they so choose, renew their motion to dismiss after service of the amended complaint.[2]

III.  Conclusion

For the foregoing reasons, the complaint is dismissed without prejuduice. Plaintiffs are granted leave to file an amended complaint no later than twenty (20) days from the date of entry of this order. If plaintiffs fail to file a timely amended complaint, this action will be dismissed with prejudice and the case will be closed.

---

[2] Defendants' qualified immunity defense is not addressed because it was raised for the first time on reply. See Bertuglia v. City of New York, 839 F.Supp.2d 703, 737 (S.D.N.Y. 2012) ("[A]rguments raised for the first time in reply should not be considered, because the plaintiffs had no opportunity to respond to those new arguments.").

**IT IS SO ORDERED.**

                                        s/ Sandra J. Feuerstein

                                        Sandra J. Feuerstein
                                        United States District Judge

Dated:       August 3, 2012
               Central Islip, New York